# In the United States Court of Federal Claims

No. 25-1241
Filed: September 15, 2025

| |
|---|
| **ANDREA DANZIGER,** *Plaintiff*, v. **THE UNITED STATES,** *Defendant*. |

### STANDING ORDER ON CHAMBERS RULES[1]

These Standing Chamber Rules apply to all cases assigned to Judge David A. Tapp. Parties should familiarize themselves and comply with the following:

1. **Local Rules**

Absent a contrary order of the Court, the Parties shall comply with the Rules of the U.S. Court of Federal Claims ("RCFC"), available at https://www.uscfc.uscourts.gov/rules.

2. **Communications and Proceedings**

Parties may not contact Chambers by telephone except in case of an actual emergency or when requested by the Court. Contact with Chambers on any case-related topic by written or digital means shall be simultaneously provided to all Parties, preferably by filing a Notice or Status Report through CM/ECF. Copies of correspondence between Parties shall not be provided to Chambers except as specifically directed by the Court. Facsimile messages are prohibited. Chambers staff will not provide legal advice of any kind or discuss the merits of any case.

Chambers staff will direct all communications to the Attorney of Record. *See* RCFC 83.1(c) ("A party may have only one attorney of record in a case at any one time"). If the Attorney of Record cannot attend a scheduled proceeding, the Attorney of Record must notify Chambers and all other Parties via email prior to the scheduled proceeding. The Attorney of Record shall identify counsel who will appear at the scheduled proceeding in lieu of the Attorney of Record. Substitute counsel must be fully informed in order to meaningfully participate in the scheduled proceeding and authorized to act on their

---

[1] Updated and effective February 5, 2025.

client's behalf. Parties should provide this notice at least twenty-four (24) hours in advance of the scheduled proceeding.

3. **Amended Pleadings**

Any amended pleadings or motions for leave to amend pleadings shall be accompanied by a redline comparison of the original and amended pleading as an attachment or supplement on CM/ECF. A motion for leave to amend should include the proposed redlined pleading as an attachment or supplement on CM/ECF.

4. **Joint Preliminary Status Reports & Initial Scheduling Conference**

After Defendant files an Answer, the Parties shall promptly meet and confer to discuss each of the matters set forth in RCFC 16(c)(2) and to file a Joint Preliminary Status Report addressing all topics listed in RCFC 16(c)(2).

In addition the requirements of RCFC Appendix A(III), Joint Preliminary Status Reports should propose expedited litigation schedules when possible—particularly in low economic value cases. Should proposed schedules not be expedited, Counsel must explain why this particular case is not amenable to an expedited schedule. Further, in cases where the Parties request bifurcation, they must clearly explain that request as bifurcation is not favored. Finally, Joint Preliminary Status Reports should include an affirmation of the "amount claimed" on the Complaint Cover Sheet.

After submission of the Report, the Court will, if necessary, schedule an Initial Scheduling Conference. Following submission of the Joint Preliminary Status Report or following the Initial Scheduling Conference, the Court will issue a Scheduling Order that will govern proceedings in the case.

5. **Rescheduled Proceedings**

Requests to reschedule proceedings are discouraged. If a Party seeks to change a previously scheduled proceeding date, the Party must meet and confer with the Opposing Party and <u>file a motion at least five days prior to the scheduled proceeding</u> that shows good cause and proposes four alternative dates and times that would be convenient for all Parties. If the Parties' suggested dates and/or times are not available on the Court's calendar, the Court will select an alternative date and/or time. In the event the Court is closed or has a delayed opening due to inclement weather or unforeseen circumstances, affected hearings will be rescheduled by Chambers staff.

Proceedings scheduled less than five days in advance are exempt from the five-day requirement of this rule. However, requests to reschedule must be filed in the form of a motion and show good cause. The moving Party is encouraged to obtain consent from the Opposing Party.

6. **Motions Generally**

    a. **Proposed Orders**

    Proposed Orders submitted by an ECF user in an ECF case shall be filed in PDF format and attached to the electronically filed document to which they pertain. In addition, proposed orders shall be submitted in Word format to Tapp_Chambers@cfc.uscourts.gov.

    b. **Format**

    Motions and the accompanying memorandum of points and authorities must be filed as a single document. (*E.g.*, a motion for summary judgment should not contain an attachment with the memorandum of points and authority in support of that motion). Every memorandum of points and authorities must:

    1. If ten pages or greater in length, contain a Table of Contents and Table of Authorities, regardless of whether the memorandum is filed in support of or in opposition to a motion;

    2. Contain page numbers at the bottom of each page, with the exception of the first page;

    3. Be formatted with one-inch margins;

    4. Be double-spaced and in twelve-point Times New Roman font, while all footnotes must be singled-spaced and in twelve-point Times New Roman font. RCFC 5.4 establishes the applicable page limitations. Requests to exceed applicable page limitations are discouraged;

    5. Not include the excessive use of footnotes;

    6. Define uncommon acronyms on first usage.

    If a memorandum includes more than one exhibit, the memorandum shall contain an index of exhibits. Exhibits shall exclude irrelevant material and to direct the Court's attention to pertinent portions. Exhibits shall be individually attached on CM/ECF. (*E.g.*, ECF No. 1-1 should be Complaint Exhibit 1; ECF No. 1-1 should **not** correspond to Complaint Exhibits 1–3).

7. **Motions for Extension of Time**

    a. **Generally**

    Motions for extension of time are discouraged. <u>Any such motion should be filed at least five business days prior to the deadline</u> and conform with the requirements of

RCFC 6.1. Extensions or enlargements of time will only be granted upon motion and not upon stipulation of the Parties/Counsel.

   **b. Content**

   Motions for extension of time must include the following:

   1. The original date of the deadline the motion is seeking to extend;

   2. The number of previous extensions of time granted to each Party;

   3. The good cause supporting the motion;

   4. The effect, if any, that the granting of the motion will have on existing deadlines;

   5. For requests to extend the deadline of a motion, suggested deadlines (reached in consultation with the opposing Party) for the filing of any memoranda in opposition and replies; and

   6. A statement fairly characterizing the opposing Party's position on the motion, including any reasons given for refusing to consent. *See* RCFC 6.1(b).

   **c. Opposition**

   If a Party intends to oppose an of extension of time, it must file the opposition by 4:00 PM the business day after the motion is filed.

**8. Status Reports**

Status reports should contain sufficient detail to apprise the Court of the progress the Parties have made since the last status report or conference. Status reports are expected to be robust in detail. Additionally, each status report filed pursuant to a routine status report order must identify the date on which the next status report is due.

Repetitive information reported in prior status reports is discouraged unless those circumstances have changed.

Status reports indicating that the Parties have reached a tentative settlement agreement obviating the need for further litigation must include counsel's certification that they have obtained settlement approval from all plaintiffs. These status reports should also identify:

1. The date an offer of settlement was submitted to the Department of Justice, and, if it has not been submitted, the date counsel anticipates submitting that offer;

2. The date a settlement memorandum was submitted to reviewing authorities at the Department of Justice, or, if it has not been submitted, the date counsel anticipates submitting that memorandum;

3. The specific levels of reviewing authority at the Department of Justice necessary for final approval;

4. The level of authority currently reviewing the tentative settlement;

5. The date the finalized settlement was submitted for payment.

Any policy exception to information required above must be fully explained.

## 9. Joint Motions

Joint Motions shall reflect the signatures of counsel representing each party.

## 10. Substitution of Parties

In relation to RCFC 25, Motions for Substitution upon death, incompetency, transfer of interest, or dissolution of a party must certify when counsel learned of the necessity of substitution. Motions for substitution must be filed within thirty days from the date counsel acquired that knowledge.

## 11. Trial Procedures

All trial days will begin promptly at 9:00 AM local time and conclude at 5:00 PM local time unless otherwise directed.

### a. Pre-trial Scheduling Orders

The Court will generally issue a pre-trial scheduling order upon conclusion of dispositive motions, or where there are no dispositive motions filed, upon conclusion of any deadlines for the filing of dispositive motions. Unless otherwise set by the Court, the Parties will be expected to come to an agreement regarding a trial date and all pre-trial deadlines that, as closely as possible, adheres to the Court's standard pre-trial schedule. The Court's standard pre-trial schedule is as follows:

| Event | Deadline |
|---|---|
| Initial meeting of counsel to exchange exhibit and witness lists, identify deposition transcripts, and establish stipulation of agreed facts | 90 days before trial |

| Initial Pre-trial Conference | 87 days before trial |
| --- | --- |
| Plaintiff's Witness List and Exhibit List | 84 days before trial |
| Defendant's Witness List and Exhibit List | 84 days before trial |
| Defendant's Objections to Plaintiff's Witness List and Exhibit List | 70 days before trial |
| Plaintiff's Objections to Defendant's Witness List and Exhibit List | 70 days before trial |
| Plaintiff's Reply to Objections to Witness List and Exhibit List | 56 days before trial |
| Defendant's Reply to Objections to Witness List and Exhibit List | 56 days before trial |
| Plaintiff's Pretrial Memorandum, not to exceed 25 pages | 56 days before trial |
| Motions *in limine* Filing Deadline for all Parties | 49 days before trial |
| Defendant's Pretrial Memorandum, not to exceed 25 pages | 42 days before trial |
| Responses to Motions *in limine* | 35 days before trial |
| Replies to Motions *in limine* | 28 days before trial |
| Meeting of Counsel | 24 days before trial |
| Joint Stipulation of Facts | 21 days before trial |
| Joint Statement of Good Faith | 21 days before trial |
| Joint Exhibit List, filed in CM/ECF | 21 days before trial |
| Final Pretrial Conference | 14 days before trial |
| Order of Witnesses, filed in CM/ECF | 3 days before trial |
| Trial | 9:00 AM local time |

Should the Parties wish to add or remove events from this schedule, or amend deadlines, they must raise those issues at the Initial Pre-trial Conference. If Parties wish to deviate from the standard pre-trial schedule, they must state those deviations and the reasons for doing so in the filing that sets forth the Parties' proposed pre-trial schedule.

b. **Motions *in Limine* and Exhibit Lists**

Unless otherwise specified in the Court's pre-trial order the following rules apply:

1. Motions *in limine* shall be utilized to present significant objections, including objections to the testimony and/or qualifications of expert witnesses.

2. Memoranda in support of motions *in limine* are limited to a single memorandum per party and shall be filed not less than twenty-eight (28) days prior to the final pre-trial conference.

3. Responses shall be filed fourteen days thereafter.

4. Replies shall be filed seven days thereafter.

5. Motions *in limine* and responses are limited to twenty-five pages in length.

6. Replies are limited to ten pages in length.

7. Where possible, the Court will rule on motions *in limine* in advance of trial. If, in the Court's discretion, oral argument would be beneficial, the Court will permit argument during such portion of the trial as the Court determines.

8. Objections to deposition testimony must be presented in an Excel spreadsheet and attached to the motion.

To the extent a Party has multiple motions *in limine*, those shall be filed in CM/ECF in a single filing.

In addition to CM/ECF, objections to exhibit and final Exhibit Lists should also be submitted to the Court in a Microsoft Excel document. Parties should email those Excel documents to tapp_chambers@cfc.uscourts.gov within twenty-four hours of their CM/ECF filing.

c. **Trial Exhibits**

Exhibits shall be prepared and presented in the following manner:

1. To the extent possible, trial exhibits must be pre-marked in the order in which they will be offered at trial. Joint exhibits shall be prefaced with a JX; Plaintiff's with a PX; and Defendant's with a DX. There shall be no duplication of exhibits. If applicable, Intervenors shall mark exhibits as INTX.

2. Each exhibit must be marked by number and contain a consecutive page identification numbering system stamp, (*e.g.*, Plaintiff's Exhibit 5, page 10 shall be marked "PX5.10").

3. Parties are encouraged to meet and confer regarding admission of all exhibits with a view to avoid duplication and to resolving foundation disputes. The Parties may move for introduction of joint exhibits at the outset of trial.

4. Parties should prepare to distribute at least four copies of each exhibit offered at trial. Copies to the Judge must be hard copies. Copies to the Court Reporter must be presented via an electronic storage medium such as a USB drive. Parties should present exhibits to the Law Clerk in an electronic format unless directed otherwise. Parties are expected to come to an agreement as to the method of providing exhibits to opposing Counsel.

d. **Trial Memoranda**

Except as otherwise directed, each party shall submit to the Court in advance of trial a memorandum not exceeding twenty-five pages describing the factual, legal, and evidentiary issues anticipated at trial. Exhibits to a Trial Memorandum are prohibited.

e. **Courtroom Technology**

Parties intending to utilize any form of courtroom technology, *i.e.*, Elmo, projectors, PowerPoint, etc., are encouraged to confer with the Clerk of the Court at the hosting courthouse in advance of trial to ensure compatibility and capability of the technology. Delays attributable to compatibility issues may result in the exclusion or limitation on the use of technology at trial.

**f. Objections**

Objections made at trial to offers of evidence shall be succinct except as the Court requires discussion, *i.e.*, "Objection, hearsay," "Objection, leading," and where possible, shall include citation to the applicable rule of evidence or case. Generally, where a Party is represented by multiple counsel, argument regarding an objection is limited to one counsel per side.

**g. Argument and Examination of Witnesses**

Other than with leave of the Court, counsel shall address the Court and examine witnesses using the podium. Counsel may, unless the Court directs otherwise, approach witnesses without seeking permission of the Court. Counsel is solely responsibility for ensuring that the record is complete in those instances in which counsel is away from the podium.

**IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge