# In the United States Court of Federal Claims

No. 25-1241
Filed: September 30, 2025

| |
|---|
| ANDREA DANZIGER, <br><br>         *Plaintiff*, <br><br> v. <br><br> THE UNITED STATES, <br><br>         *Defendant*. |

## ORDER

On September 26, 2025, the same day a response to the Complaint was due, the United States moved for an enlargement of time to respond. (Def.'s Mot., ECF No. 6; *see also* Compl., ECF No. 1). Good cause for the enlargement has not been shown. The United States fails to justify the 49-day delay in assigning trial counsel, fails to identify records sought to prepare its response or explain the agency's delay in providing such records, and fails to clarify why it waited until hours before its response was due to seek an enlargement. (*Compare* Compl. *with* Notice of Appearance, ECF No. 4; *see* Def.'s Mot.). Moreover, the United States fails to engage with the Court's Standing Order on Chambers Rules requiring enlargement requests to be filed well in advance of the deadline. (Standing Order at 3–4 ("Motions for extension of time are discouraged. <u>Any such motion should be filed at least five business days prior to the deadline</u> and conform with the requirements of RCFC 6.1. Extensions or enlargements of time will only be granted upon motion and not upon stipulation of the Parties/Counsel." (emphasis in original)), ECF No. 5). This Court's Chambers Rules are not suggestions. When the United States did not immediately receive an Order addressing their requested enlargement, it granted one to itself, choosing to file nothing.

In response to the United States' Motion, the Court attempted to schedule a hearing. However, counsel for Plaintiff is unavailable prior to the potential shutdown of the federal government—which may take effect on October 1, 2025, at 12:01 AM (ET). A shutdown may result in a delay of unknown duration in obtaining the United States' already late response. If the United States had timely filed an Answer, both parties could proceed toward a global resolution. Alternatively, if the United States timely moved for dismissal, Plaintiff could prepare its response (unaffected by a cessation of many government activities). Either result promotes the speedy determination of this action. The Court's attempt to schedule a telephonic hearing prior to the possible shutdown was unsuccessful. Should the shutdown occur, that possibility of a timely hearing becomes illusory.

The United States has effectively granted itself a four-day enlargement already, from Friday, September 26 to today, September 30. The United States did not demonstrate good cause

for an enlargement, and a hearing is impractical. Accordingly, the Court hereby **DENIES** the United States' Motion for Extension of Time. (*See* Def.'s Mot.). The United States is **DIRECTED** to file its response to the Plaintiff's Complaint no later than **11:59 PM (ET) tonight, September 30, 2025**. The hearing previously scheduled for October 1, 2025, is **CANCELED**. The Plaintiff's Consent Motion to Amend Schedule is **DENIED** as **MOOT**. (ECF No. 7).

    **IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge