# In the United States Court of Federal Claims

No. 25-1241
Filed: October 6, 2025

| |
|---|
| **ANDREA DANZIGER,** |
| *Plaintiff,* |
| **v.** |
| **THE UNITED STATES,** |
| *Defendant.* |

## ORDER HOLDING IN ABEYANCE[1]

This matter is before the Court due to the lapse of congressional appropriations funding the federal government, including the Department of Justice. Absent an appropriation, the United States represents that certain Department of Justice attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." *See* 31 U.S.C. § 1342. Therefore, the lapse in appropriations requires a temporary furlough of the workforce of many federal agencies. The Court, in response, and with the intent to avoid any default or prejudice to the United States or other civil litigants occasioned by the lapse in funding, sua sponte enters this Order.

As a result of the cited workforce furloughs, litigation is immediately held in abeyance continuing for a period of fourteen (14) days from the date of entry of this Order. The Court may renew or modify this Order depending on developments in the stay period. This Order suspends and continues, during the stay, any and all events and deadlines in the affected litigation (whether established by order, rule, or agreement), including but not limited to any scheduled proceedings, hearings, and/or discovery and pleading dates. No party will be required to take any steps in civil litigation affected until expiration of the stay.

This Order does not purport to affect rights to or deadlines concerning appeal from any decision of this Court. Any litigant affected by this Order may seek relief by motion. The Court may, in any particular case, vary the effect or operation of this Order by a separate ruling. Should government operations resume before expiration of this fourteen (14) day period, parties shall

---

[1] This Order shall be effective in a majority of matters pending before the undersigned. It is not applicable to bid protests or any matter in which the submissions are fully briefed, nor does it govern cases subject to a delayed litigation schedule or an existing stay. Deadlines set in contemplation of the lapse of appropriations will remain effective. To the extent the United States has a Motion for a Stay pending, said Motion is hereby **DENIED** as **MOOT**.

immediately resume litigation efforts. To the extent a pretrial schedule or trial date is affected, the parties shall immediately move for a renewed litigation schedule upon cessation of this stay.[2] Absent a motion, the Court may issue a revised scheduling order sua sponte.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[2] The Court encourages parties to adhere as closely as possible to their current pretrial schedules. The Court is not inclined to extend any deadline or trial date longer than the lapse of appropriations.