**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ANDREA DANZIGER, DEBORAH MURPHY, MARK HERZBERG, and KENNETH SKLAW, | |
| Plaintiffs, | No. 25-1241 Judge Tapp |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

<u>DEFENDANT'S ANSWER</u>

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's Introduction constitute conclusions of law and plaintiff's characterization of its case to which no answer is required.

1.      Admits the allegations contained in the first sentence of paragraph 1.  The allegations contained in the second, third and fourth sentences of paragraph 1 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

2.      Admits the allegations contained in the first two sentences of paragraph 2 to the extent supported by the documents cited, which are the best evidence of their content; otherwise denies the allegations.  The allegations contained in the third sentence of paragraph 2 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

3.      Admits the allegations contained in the first two sentences of paragraph 3 to the extent supported by the documents cited, which are the best evidence of their content; otherwise

denies the allegations.  The allegations contained in the third sentence of paragraph 3 constitute a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

4.      Admits the allegations contained in the first two sentences of paragraph 4 to the extent supported by the documents cited, which are the best evidence of their content; otherwise denies the allegations.  The allegations contained in the third sentence of paragraph 4 constitute a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

5.      Admits the allegations contained in the first two sentences of paragraph 5 to the extent supported by the documents cited, which are the best evidence of their content; otherwise denies the allegations.  The allegations contained in the third sentence of paragraph 5 constitute a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

6.      The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.      Admits that Ms. Danziger was a PSC contractor, but otherwise denies the allegations contained in the first sentence of paragraph 7 for lack of knowledge or information sufficient form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 7.

8.      Admits that Ms. Murphy was a PSC contractor, but otherwise denies the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 8.

9.  Admits that Mr. Herzberg was a PSC contractor, but otherwise denies the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 9.

10.  Admits that Mr. Sklaw was a PSC contractor, but otherwise denies the allegations in the first sentence of paragraph 10 for lack of knowledge or information sufficient form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 10.

11.  The allegations in paragraph 11, in so much as they suggest individuals were acting on behalf of the United States in relation to the plaintiffs' claims, generally, constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12.  The allegations contained in paragraph 12 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13.  The allegations contained in the first sentence of paragraph 13 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations in the second and third sentences of paragraph 13 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

14.  The allegations contained in paragraph 14 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15.     The allegations contained in paragraph 15 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16.     The allegations contained in paragraph 16 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17.     The allegations contained in paragraph 17 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18.     The allegations contained in paragraph 18 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19.     The allegations contained in paragraph 19 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

20.     Admits the allegations in paragraph 20.

21.     Admits the allegations in paragraph 21 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

22.     The allegations contained in paragraph 22 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contracts signed by each PSC contractor, which are the best evidence of their contents; otherwise denied.

23.     Admits the allegations contained in paragraph 23 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

24.     Admits the allegations contained in paragraph 24 except for the allegation that the claims were "denied," which is a legal conclusion to which no answer is required.

25.     Admits the allegations contained in paragraph 25 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denied.

26.     Admits the allegations contained in paragraph 26 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denied.

27.     Admits the allegations contained in paragraph 27 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denied.

28.     Admits the allegations contained in paragraph 28 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denied.

29.     Admits the allegations contained in the first three sentences of paragraph 29 to the extent supported by the cited document, which is the best evidence of its contents, otherwise denied.  Denies the allegation contained in the fourth sentence of paragraph 29 for lack of knowledge or information sufficient to form a belief as to its truth.

30.     Admits the allegations contained in paragraph 30 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denied.

31.     Admits the allegations contained in paragraph 31 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denied.

32.     Admits the allegations contained in paragraph 32.

33.     Admits the allegations contained in paragraph 33.

34.     Admits the allegations contained in paragraph 34 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

35.     Admits the allegations contained in paragraph 35 to the extent supported by the contracts signed by each PSC contractor, which are the best evidence of their contents; otherwise denied.

36.     Admits the allegations contained in paragraph 36 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

37.     Admits the allegations contained in paragraph 37 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

38.     Admits the allegations contained in paragraph 38 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

39.     Admits the allegations contained in paragraph 39 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

40.     Admits the allegations contained in paragraph 40.

41.     Admits the allegations contained in paragraph 41.

42.     Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

43.     Admits the allegations contained paragraph 43 to the extent supported by the contracts signed by each PSC contractor, which are the best evidence of their contents; otherwise denied.

44.     Admits the allegations contained in paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

45.     Admits the allegations contained in paragraph 45 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

46.     Admits the allegations contained in paragraph 46 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

47.     Admits the allegations contained in paragraph 47.

48.     Admits the allegations contained in paragraph 48.

49.     Admits the allegations contained in paragraph 49 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

50.     Admits the allegations contained in paragraph 50 to the extent supported by the contracts signed by each PSC contractor, which are the best evidence of their contents; otherwise denied.

51.     Admits the allegations contained in paragraph 51 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

52.     Admits the allegations contained in paragraph 52 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

53.     Admits the allegations contained in paragraph 53 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

54.     Admits the allegations contained in paragraph 54.

55.     Admits the allegations contained in paragraph 55.

56.     The allegations contained in paragraph 56 reflect conclusions of law to which no answer is required.

57.     The allegations contained in paragraph 57 reflect conclusions of law to which no answer is required.

58.     The allegations contained in paragraph 58 reflect conclusions of law to which no answer is required.

59.    The allegations contained in paragraph 59 that USAID was an "independent agency," or was designated as a "principal" agency for certain responsibilities are conclusions of law to which no answer is required; the reference in paragraph 59 to a cited document is admitted to the extent supported by that document, which is the best evidence of its contents.

60.    The allegations contained in paragraph 60 reflect conclusions of law to which no answer is required.

61.    The allegations contained in paragraph 61 reflect conclusions of law to which no answer is required.

62.    The allegations contained in paragraph 62 reflect conclusions of law and plaintiffs' characterization of their case to which no answer is required.

63.    The allegations contained in paragraph 63 reflect conclusions of law and plaintiffs' characterization of their case to which no answer is required.

64.    The allegations in paragraph 64 reflect conclusions of law and plaintiffs' characterization of their case to which no answer is required.

65.    The allegations in paragraph 65 reflect conclusions of law and plaintiffs' characterization of their case to which no answer is required.

66.    Admits the allegations contained in the first phrase of paragraph 66 except that PSCs may be performed by other than U.S. Citizens.  The allegations contained in the second phrase of paragraph 66 are legal conclusions to which no answer is required.

67.    Admit the allegations contained in paragraph 67 that USAID contracted with more than one thousand PSCs, many of whom were stationed overseas; otherwise the allegations consist of plaintiffs' characterization of their case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

68.     Admit the allegations contained in paragraph 68 only to the extent that USAID PSC contractors provided services to various countries in support of USAID's mission, and to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

69.     Admits the allegations contained in paragraph 69.

70.     Admits the allegations contained in paragraph 70.

71.     Admits the allegations contained in paragraph 71.

72.     Admits the allegations contained in paragraph 72 to the extent that Ms. Danziger was based in Washington, D.C.; denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

73.     Admits the allegations contained in paragraph 73 to the extent that Ms. Murphy was based in Budapest, Hungary; denies the remaining allegations for lack of knowledge or information sufficient form a belief as to their truth.

74.     Admits the allegations contained in paragraph 74 to the extent that Mr. Herzberg's country of performance was "West Bank and Gaza" and that his work address was the U.S. Embassy in Jerusalem; denies the remaining allegations for lack of knowledge or information sufficient form a belief as to their truth.

75.     Admits the allegations contained in paragraph 75 to the extent that Mr. Sklaw was based in Washington, D.C., and his contract required that he perform support work "worldwide"; denies the remaining allegations for lack of knowledge or information sufficient form a belief as to their truth.

76.     Admits the allegations contained in paragraph 76.

77.     Admits the allegations contained in paragraph 77.

78.     Admits the allegations contained in paragraph 78.

79.     Admits the allegations contained in paragraph 79 to the extent that the allegations identify some but not all offices for which USAID PSCs may provide support.

80.     The allegations contained in paragraph 80 which consist of plaintiffs' characterization of an executive order require no response; but to the extent a response is deemed necessary, defendants admit that paragraph 80 accurately quotes portions of the referenced executive order.

81.     Admits the allegations contained in paragraph 81 to the extent that it refers to activities described in Executive Order 14158, which is the best evidence of its contents; denies the allegations in paragraph 81 to the extent that it alleges that "DOGE teams" ambiguously refer to distinct entities such as the United States DOGE Service (USDS), federal agencies, and individuals working at those agencies in furtherance of various executive orders; further denies that "DOGE teams" acted to "implement[]" actions taken by federal agencies – including but not limited to the termination of Government contracts.

82.     The allegations contained in paragraph 82 constitute plaintiffs' characterization of their case to which no response is required; to the extent they may be deemed allegations of fact, the allegations contained in paragraph 82 that characterize Elon Must as "de facto head of DOGE," are denied, except to the extent that defendants admit that Mr. Musk served as a "special government employee" pursuant to 18 U.S.C. § 202.  The remainder of paragraph 82 consists of plaintiffs' characterization of a statement by then President-elect Trump; defendant respectfully directs the Court to the cited statement for a full and accurate description of said statement and denies any characterization inconsistent with that statement; otherwise denies.

83.     The allegations contained in paragraph 83 constitute plaintiffs' characterization of their case to which no response is required; to the extent they may be deemed allegations of fact, the allegations contained in paragraph 83 consist of plaintiffs' characterization of a report on

NBC News; defendant respectfully directs the Court to the cited report for a full and accurate description of said report and denies any characterization inconsistent with that statement.

84.    The allegations contained in paragraph 84 constitute plaintiffs' characterization of their case to which no response is required; to the extent they may be deemed allegations of fact, the allegations in paragraph 84 consist of plaintiffs' characterization of President Trump's statements to Congress; defendant respectfully directs the Court to the cited statement for a full and accurate description of said statements and denies any characterization inconsistent with those statements.

85.    The allegations contained in paragraph 85 constitute legal conclusions and plaintiffs' characterization of their case to which no response is required; to the extent they may be deemed allegations of fact, the allegations in paragraph 85 consist of plaintiffs' characterization of statements Mr. Musk made on social media site X and a website; defendant respectfully directs the Court to the cited statements for a full and accurate description of such statements and denies any characterization inconsistent with that statement.  To the extent the allegations in paragraph 85 characterized those statements as "termination activities," such statements constitute plaintiffs' characterization of its claims or legal conclusions to which no answer is required.

86.    Admits the allegations contained in paragraph 86.

87.    The allegations contained in paragraph 87 that USAID was "dismantle[d]" constitute plaintiffs' characterization of its claims and a legal conclusion to which no answer is required.

88.    Admits the allegations contained in paragraph 88 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

11

89.    The allegations contained in paragraph 89 constitute plaintiffs' characterization of their case to which no response is required.  Denies the allegations contained in paragraph 89 to the extent that it characterizes alleged activities within USAID or the United States Department of the Treasury as actions taken by "DOGE" or USDS.  The allegations contained in paragraph 89 otherwise consist of a characterization of documents referenced in a *N.Y. Times* article; defendant respectfully directs the Court to the cited documents for a complete and accurate statement of their contents and denies any characterization inconsistent with those documents.

90.    The allegations contained in paragraph 90 constitute plaintiffs' characterization of their case to which no response is required.  The allegations contained in paragraph 90 consist of a characterization of a report in a *Bloomberg News* article; defendant respectfully directs the Court to the cited article for a complete and accurate statement of its contents, and denies any characterization inconsistent with those documents.  Defendant admits that USDS employees attended meetings with USAID staff members during the week of January 27, 2025.

91.    The allegations contained in paragraph 91 constitute plaintiffs' characterization of their case to which no response is required.  Defendant denies the allegations in paragraph 91 to the extent that it characterizes alleged activities conducted within agencies as activities of USDS. To the extent that a response is required, Defendants admit that USAID authorized access by individuals associated with USDS to access unclassified USAID computer systems.

92.    The allegations contained in paragraph 92 constitute plaintiffs' characterization of their case to which no response is required.  Defendant denies allegations in paragraph 92 to the extent that it characterizes alleged activities conducted within agencies as activities of USDS. To the extent that the allegations in paragraph 92 otherwise consist of characterizations of reports in a *The Guardian and CBS News*, defendant respectfully directs the Court to the cited reports

for a complete and accurate statement of their contents, and denies any characterization inconsistent with those documents including that placing employees on administrative leave constitutes "remov[ing] leadership."

93.    Admits the allegations contained in the first sentence of paragraph 93. The allegations contained in the second and third sentences of paragraph 93 consist of characterizations of documents submitted in other litigations; defendant respectfully directs the Court to the cited documents for a complete and accurate statement of their contents, and denies any characterization inconsistent with those documents. Denies the allegations contained in the fourth sentence of paragraph 93 for lack of knowledge or information sufficient to form a belief as to its truth.

94.    The allegations contained in paragraph 94 constitute plaintiffs' characterization of their case to which no response is required. The allegations contained in paragraph 94 consist of characterizations of an article appearing in FEDSCOOP; defendant respectfully directs the Court to the cited article for a complete and accurate statement of its contents, and denies any characterization inconsistent with those statements. Defendant admits that, for certain subsets of USAID employees and contractors, email access was blocked for certain periods of time during February 2025.

95.    The allegations contained in paragraph 95 constitute plaintiffs' characterization of their case to which no response is required. The allegations in paragraph 95 consist of characterizations of public statements conveyed on social media site X; defendant respectfully directs the Court to the cited statements for a complete and accurate statement of its contents, and denies any characterization inconsistent with those statements.

13

96.    The allegations contained in paragraph 96 constitute plaintiffs' characterization of their case to which no response is required. The allegations in paragraph 96 consist of characterizations of public statements provided on social media site X; defendant respectfully directs the Court to the cited statement for a complete and accurate statement of its contents, and denies any characterization inconsistent with those statements.

97.    The allegations contained in paragraph 97 constitute plaintiffs' characterization of their case to which no response is required. The allegations in paragraph 97 consist of characterizations of public statements quoted in a CNN article; defendant respectfully directs the Court to the cited article for a complete and accurate statement of its contents, and denies any characterization inconsistent with those statements.

98.    The allegations contained in paragraph 98 constitute plaintiffs' characterization of their case to which no response is required. Admits the allegations in paragraph 98 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

99.    The allegations contained in paragraph 99 constitute plaintiffs' characterization of their case to which no response is required. The allegations in paragraph 99 consist of characterizations of public statements captured in articles published by CNN and on social media site X; defendant respectfully directs the Court to the cited statements for a complete and accurate statement of its contents, and denies any characterization inconsistent with those statements.

100.    The allegations contained in paragraph 100 constitute plaintiffs' characterization of their case to which no response is required. Admits the allegations in paragraph 100 to the

extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

101.    The allegations contained in paragraph 101 constitute plaintiffs' characterization of their case to which no response is required.  The allegations in paragraph 101 consist of a characterization of a statement by Secretary Rubio reported by *The Hill*, and defendant respectfully directs the Court to the cited article for a complete and accurate statement of its contents, and denies any characterization inconsistent with those documents.

102.    The allegations contained in paragraph 102 constitute plaintiffs' characterization of their case to which no response is required.  Denies the allegations in the first and second sentences of paragraph 102 to the extent that plaintiffs characterize certain public statements as made on behalf of individuals authorized to speak on behalf of "the Government."  To the extent that the allegations in the first and second sentences of paragraph 102 otherwise consist of characterizations of media available on *YouTube*, defendant respectfully directs the Court to the cited media for a complete and accurate statement of its contents, and denies any characterization inconsistent with those documents.  Denies the allegations in the third sentence of paragraph 102 for lack of knowledge or information sufficient form a belief as to their truth.

103.    The allegation in the first sentence of paragraph 103 constitutes a conclusion of law to which no answer is required.  The allegations in the remainder of paragraph 103 are admitted to the extent they are supported by the documents cited, which are the best evidence of their contents; otherwise denied.

104.    The allegations contained in paragraph 104 constitute conclusions of law to which no answer is required.

105.    The allegations contained in paragraph 105 constitute plaintiffs' characterization of their case to which no response is required.  The allegations contained in paragraph 105 consist of characterizations of a transcript of a TRO hearing in another litigation; defendant respectfully directs the Court to the cited transcript for a complete and accurate statement of its contents, and denies any characterization inconsistent with those documents.

106.    The allegations contained in paragraph 106 constitute plaintiffs' characterization of their case to which no response is required.  The allegations in paragraph 106 consist of characterizations of a post on social media site X; defendant respectfully directs the Court to the cited posting for a complete and accurate statement of its contents, and denies any characterization inconsistent with those documents.  Defendant admits that terminations of certain PSCs was authorized on February 2, 2025.

107.    Admits the allegations in paragraph 107 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.  Defendant admits that Mr. Marocco recommended that USAID terminate for convenience 791 PSCs, and that Secretary Rubio approved that recommendation on February 2, 2025.

108.    The allegations contained in paragraph 108 constitute plaintiffs' characterization of their case to which no response is required.  The allegations in paragraph 108 largely consist of characterizations of documents referenced in paragraph 107.  Thus, defendants admit the allegations in paragraph 108 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

109.    Admits the allegations in paragraph 109 to the extent that Ms. Danziger was based in the United States; deny the remaining allegations for lack of knowledge or information

sufficient form a belief as to their truth.  The phrase "for example" is plaintiffs' characterization of its case to which no response is required.

110.    Admits the allegations in paragraph 110 to the extent that Ms. Murphy was based in Budapest, Hungary; deny the remaining allegations for lack of knowledge or information sufficient form a belief as to their truth.

111.    Admit the allegations in paragraph 111 to the extent that Mr. Herzberg's country of performance was "West Bank and Gaza" and that his work address was the U.S. Embassy in Jerusalem; deny the remaining allegations for lack of knowledge or information sufficient form a belief as to their truth.

112.    Admits the allegations in paragraph 112 to the extent that Mr. Sklaw was based in the United States, and his contract required that he perform support work "worldwide"; deny the remaining allegations for lack of knowledge or information sufficient form a belief as to their truth.

113.    Admits the allegations in paragraph 113 to the extent that many PSC contractors based in the United States, Egypt, Budapest, Hungary, or Bangkok, supported projects in Yemen, Iraq, Lebanon, Somalia, Sudan, Afghanistan, Burma, the West Bank, Gaza or Nagorno-Karabakh; otherwise denied.

114.    To the extent that allegations in paragraph 114 constitute plaintiffs' characterization of documents cited in paragraph 107, defendants admit the allegations if supported by the documents cited, which are the best evidence of their contents; otherwise denied.   The allegations in paragraph 114 otherwise constitute a conclusion of law and plaintiffs' characterization of its claim, to which no answer is required.

115.    Admit the allegations in paragraph 115 to the extent that Contracting Officers were provided with spreadsheets that identified PSCs, among other instruments, and advised to exercise the agency's contractual right to terminate for convenience those PSCs within a specified period of time; otherwise denied.

116.    Admits the allegations in paragraph 116 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

117.    Admits the allegations in paragraph 117 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

118.    Admits the allegations in paragraph 118 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.

119.    Admits the allegations in paragraph 119 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.  Defendant admits that in February 2025, USAID Contracting Officers were advised to exercise USAID's contractual right to terminate for convenience certain PSCs.

120.    Admits the allegations in paragraph 120 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denied.  Defendant admits that Peter Marocco and other members of USAID leadership recommended the termination for convenience of certain PSCs, that recommendation was approved by Secretary Rubio, and Contracting Officers were advised of USAID's contractual right to terminate for convenience certain PSCs.

121.    Admits the allegations in paragraph 121 to the extent supported by the document cited, which is the best evidence of their contents; otherwise denied.

122.     The allegations in paragraph 122 consist of plaintiffs' characterization of its claims or a legal conclusion to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

123.     Admits the allegations contained in paragraph 123 to the extent supported by the document cited, which is the best evidence of their contents; otherwise denied.

124.     The allegations contained in paragraph 124 are plaintiffs' characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, admits the allegations in paragraph 124 that the termination notices provided to certain PSCs in February 2025 were based on templates and contain similar language.

125.     The allegations contained in paragraph 125 are plaintiffs' characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, admits the allegations in paragraph 125 to the extent supported by the document cited, which is the best evidence of their contents; otherwise denied.

126.     Denies the allegations in paragraph 126.

127.     The allegations contained in paragraph 127 consist of plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; otherwise denied.

128.     The allegations contained in paragraph 128 consist of plaintiffs' characterization of its case to which no response is required.  The allegations in paragraph 128 consist of characterizations of a social media posting; defendant respectfully directs the Court to the cited posting for a complete and accurate statement of its contents, and denies any characterization inconsistent with those documents.

19

129.    The allegations contained in paragraph 129 consist of plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

130.    The allegations contained in paragraph 130 consist of plaintiffs' characterization of its case to which no response is required.  The allegations in paragraph 130 consist of characterizations of a declaration provided in a different litigation; defendant respectfully directs the Court to the cited document for a complete and accurate statement of its contents, and denies any characterization inconsistent with those documents.

131.    The allegations contained in paragraph 131 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

132.    The allegations contained in paragraph 132 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

133.    The allegations contained in paragraph 133 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

134.    The allegations contained in paragraph 134 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

135.    The allegations contained in paragraph 135 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

136. The allegations contained in paragraph 136 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

137. The allegations contained in paragraph 137 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

138. Defendant admits to the extent supported by the Act cited, which is the best evidence of its contents; otherwise denies.

139. The allegations contained in paragraph 139 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the Act cited, which is the best evidence of its content; otherwise denied.

140. The allegations contained in paragraph 140 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

141. The allegations contained in paragraph 141 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

142. In response to the allegations in paragraph 142, which incorporate by reference paragraphs 1 through 145 of the Amended Complaint, the Government incorporates by reference its responses to each such paragraph as detailed above.

143. The allegations contained in paragraph 143 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

144. Denied.

145. Denied.

146. In response to the allegations in paragraph 146, which incorporate by reference paragraphs 1 through 145 of the Amended Complaint, the Government incorporates by reference its responses to each such paragraph as detailed above.

147. The allegations contained in paragraph 147 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contracts signed by each PSC contractor, which are the best evidence of their contents; otherwise denied.

148. The allegations contained in paragraph 148 contain plaintiffs' characterization of their claims or a legal conclusion to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contracts signed by each PSC contractor, which are the best evidence of their contents; otherwise denied.

149. Denies that the plaintiffs are entitled to the relief set forth in paragraphs 1, 2 and 3 under the heading "Prayer for Relief" immediately following paragraph 148, or to any relief whatsoever.

150. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Deputy Director

/s/ Stephanie A. Fleming
STEPHANIE A. FLEMING
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0170
Facsimile: (202) 305-2062
Stephanie.Fleming@usdoj.gov

*Attorneys for Defendant*

Dated: April 24, 2026