## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANDREA DANZIGER, DEBORAH MURPHY, MARK HERZBERG, KENNETH SKLAW, individually, and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant*. | Case No. 25-1241<br>(Judge Tapp) |

## JOINT PRELIMINARY STATUS REPORT

Plaintiffs Andrea Danziger, Deborah Murphy, Mark Herzberg, and Kenneth Sklaw (together, the "Named Plaintiffs"), by and through undersigned counsel, individually and on behalf of all others similarly situated (with the Named Plaintiffs, the "Plaintiffs"), and Defendant the United States (the "Government") (collectively, the "Parties"), respectfully submit this Joint Preliminary Status Report and Proposed Discovery Plan pursuant to Section III of Appendix A of the Rules of the United States Court of Federal Claims ("RCFC").

### Appendix A Questions

Pursuant to Appendix A, ¶ 4, the Parties provide answers to the following questions.

**(a) Does the Court have jurisdiction over the action?**

Plaintiffs assert this Court has jurisdiction over the instant action pursuant to the Tucker Act, 28 U.S.C. § 1491 (2009), and the Contracts Disputes Act, 41 U.S.C. §§ 7101-7109. Defendant is not aware at this time of any basis upon which to challenge this Court's jurisdiction.

1

**(b) Should the case be consolidated with any other case and, if so, why?**

The Parties agree that, at this time, this case should not be consolidated with any other case. *See, e.g.*, ECF No. 23 (Plaintiffs' Response to Notice of Indirectly Related Case); ECF No. 24 (Defendant's Response to *HIAS* Plaintiffs' Notice of Indirectly Related Cases and Opposition to Plaintiffs' Request to Consolidate) (addressing why this case should not be consolidated with *HIAS, et al., v. U.S.*).

**(c) Should trial of liability and damages be bifurcated and, if so, why?**

The parties disagree on this issue.

**<u>Plaintiffs' Position</u>**

Plaintiffs contend that bifurcation is not appropriate for this case because it will not promote judicial economy, efficiency, or convenience.  Plaintiffs maintain that Plaintiffs' counsel has worked efficiently and effectively with the group of potential class members to draft and submit hundreds of Contract Disputes Act claims with individual sum certain calculations. Plaintiffs have requested a 180-day opt-in period to sign up additional class members to prepare similar claims, as needed.  Plaintiffs' counsel maintains that it can efficiently work through the claims drafting and submission process through the opt-in period.  Moreover, the Government will not be prejudiced by addressing liability and damages concurrently.  While entitlement and damages may raise different issues in discovery, Plaintiffs have offered to work with the Government to provide discoverable information concerning damages iteratively throughout the opt-in period to address the Government's concerns that it cannot analyze damages prior to the closing of the opt-in period.

Moreover, Plaintiffs have an interest in expeditiously resolving this matter, and any delay will harm and prejudice Plaintiffs.  Plaintiffs are individuals whose personal services contracts

were effectively their salary.  These contractors had their contracts unexpectedly and suddenly terminated.  Delaying resolution of the litigation and extending the schedule harms these individuals by extending the time they can recover for the Government's breach of their contracts.

**Government's Position**

The Government believes that liability and damages should be bifurcated.  While we recognize the Court disfavors bifurcation, *see* Order, ECF No. 5, bifurcation is appropriate in this case for two primary reasons.  First, bifurcation serves the interests of judicial economy, efficiency, and convenience.  Plaintiffs contend that the Government's improperly terminated Plaintiffs' [PSC] contracts . . . constitut[ing] breaches of the PSCs," Am. Compl., ECF No. 11, ¶ 144 (Count I), and that plaintiffs are entitled to categories of termination costs—"unused leave costs, relocation costs, travel allowances, material/equipment costs, and other outstanding reimbursements," Am. Compl. ¶ 147 (Count II).  The Court has concluded that these are questions of law and fact common to the potential class.  Order, ECF No. 25, at 5 ("Plaintiffs have not only raised common questions but have also demonstrated that proceeding as a class will generate common answers apt to drive resolution of the litigation.") (internal citation and quotation omitted).  However, the same cannot be said for the quantum of plaintiffs' alleged damages, which—should plaintiffs prevail on entitlement—will require an individualized analysis of the plaintiffs' contracts, costs, damages, and mitigation, among other factors.  Given the size of the potential class, *see* Order, ECF No. 25, at 4 ("Here the proposed class consists of approximately 1,200 PSC contractors"), as well as the complexity of the potential class, *id.* ("The proposed class members currently live in at least forty states plus the District of Columbia as well as twenty-five countries outside of the United States") (internal citation omitted), we

anticipate discovery and, potentially, trial concerning individualized damages to be significantly more time intensive. The calculation of amounts owed, if any, should follow a determination by the Court concerning what damages categories are legally cognizable. To the extent that plaintiffs do not prevail on entitlement, the parties and this Court would be spared from preparing, presenting, and considering voluminous and potentially unnecessary evidence on quantum.

Second, plaintiffs would not be prejudiced by bifurcation, as bifurcation will likely accelerate resolution of the case and does not present any concern about unduly limiting the development of evidence on the quantum of plaintiff's alleged damages in discovery. Pursuant to the CDA, each plaintiff must present his or her claim, in sum certain, to a contracting officer prior to participating in this case as a class member. *See Arctic Slope Native Association, Ltd. v. Sebelius*, 583 F.3d 785, 795–96 (Fed. Cir. 2009) (citing *Menominee Indian Tribe of Wis. v. United States,* 539 F.Supp.2d 152 (D.D.C. 2008); *Pueblo of Zuni v. United States,* 467 F.Supp.2d 1099, 1113–14 (D.N.M.2006); *Ramah Navajo Sch. Bd., Inc. v. United States,* 83 Fed. Cl. 786 (2008)). Accordingly, each class member will necessarily have identified the evidence and basis for his or her claims, and plaintiffs are unlikely to require any further documents or depositions of Government witnesses on quantum. The Government, however, will require significant discovery and analysis to evaluate plaintiffs' individualized claims of damages, potentially including direct and consequential damages, as well as avoided costs and mitigation. Additionally, plaintiffs would not be prejudiced by bifurcation because their alleged damages may be informed by the outcome of ongoing district court litigation challenging the closure of USAID in which discovery is ongoing and a decision is not forthcoming in the near future.

4

Accordingly, we propose that discovery should proceed both to Count I (the breach count) and Count II (the Termination for Convenience miscellaneous damages count) with the exception of proof of the amount of those miscellaneous damages for all opt-in class members, who have not yet been identified.  Defendant does envision limited exchanges, perhaps of the named plaintiffs, to uncover the *types* of their damages (overtime, relocation, travel, etc., on which the complaint is based) and to help determine where they fall on a scale of direct to remote, so that the parties might form their arguments or agreement concerning which types of damages and their extent are cognizable.  The Government expects that, if plaintiffs prevailed on one theory of relief or another, the parties would attempt to identify a protocol for determining damages, perhaps with the assistance of a mediating Judge, to avoid the prospect of a plaintiff by plaintiff trial with associated depositions.

**(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

No.  The Parties agree that the proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal.  However, as the Court noted in its April 10, 2026 Order, "Plaintiffs also raise the question of whether the Department of Government Efficiency ("DOGE")'s involvement in the 'dismantling' of USAID at the invitation of the Executive Branch was lawful.  This remains an open issue."  Order, ECF No. 20, at 2 n.2 (citing cases).  Defendant maintains that this Court does not have jurisdiction to answer that particular question and, to the extent that plaintiffs' theories depend on resolution of that question, the proceedings in this case would need to be deferred pending resolution of that issue.  Plaintiffs maintain this Court can decide this question and proceedings need not be deferred pending resolution in district court.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

The Parties agree that this provision is not applicable to the pending matter.

**(f) Will additional parties be joined?  If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

The Parties also do not anticipate joinder of any additional parties aside from additional

plaintiffs under the class definition.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

<u>Plaintiffs' Position</u>

Plaintiffs have no plans to file a motion to dismiss pursuant to RCFC 12(b) at this time

but reserve the right to do so if developments in this case so merit.  Plaintiffs have no immediate

plans to move the Court for summary judgment pursuant to RCFC 56 but reserve the right to file

one or more such motions, if further factual development suggests that there are no genuine

issues of material fact and that full or partial summary judgment would promote the efficiency of

this proceeding.

<u>Government's Position</u>

The Government anticipates it will move for summary judgment pursuant to RCFC 56,

most likely after the conclusion of discovery.  The appropriateness of any motion will be

considered as discovery progresses.

**(h) What are the relevant factual and legal issues?**

This is a class action for breach of contract seeking breach-of-contract damages and

recovery of any unpaid termination costs arising from the Government's mass termination of

6

Personal Services Contracts ("PSCs") with USAID between February 12, 2025, and April 24, 2025.  The relevant factual and legal issues include:

1) Whether the Government terminated Plaintiffs' PSCs in bad faith or by abusing its discretion, constituting a breach of contract and entitling Plaintiffs to breach-of-contract damages; and

2) Whether, even if the terminations were not unlawful, Plaintiffs are entitled to other costs, including unused leave, relocation costs, travel allowances, and other outstanding reimbursements.

3) If so, the quantification of any such cognizable costs.

4) Plaintiffs propose amending the complaint to include an exhibit listing class members who have opted into the class.  This Court has recognized that whether the one-year statute of limitations in the Contract Disputes Act is jurisdictional is an open question. *See Bowman Constr. Co. v. United States*, 154 Fed. Cl. 127, 136 (2021) (citing *Guardian Angels Med. Serv. Dogs, Inc. v. United States*, 809 F.3d 1244, 1252-53 (Fed. Cir. 2016)).  Some potential class members' one-year appeal period expires before the end of the opt-in period.  Plaintiffs thus seek to amend the complaint to "appeal" class members' Contract Disputes Act claims by filing class members' opt-in forms with the Court and amending the complaint to attach a list of class members before the end of the opt-in period and thus meet the appeal deadline for individual class members.

**(i) What is the likelihood of settlement?  Is alternative dispute resolution contemplated?**

The Parties submit that it is too early to determine a likelihood of settlement.  The Parties may further explore the possibility of settlement once additional facts have been developed in discovery.  Accordingly, the Parties will continue to consider ADR as the case proceeds.

**(j) Do the parties anticipate proceeding to trial?  Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?  A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day trial period, the case can be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought.  The requested place of trial shall be stated.  Before such a request is made, the parties shall confer specifically on this subject.**

Yes, the Parties anticipate proceeding to trial in Washington, D.C. at the U.S. Court of Federal Claims.  The Parties are not requesting an expedited trial schedule at this time.  Consistent with this Court's preference, in its Standing Order on Chamber Rules (ECF No. 5), for expedited schedules where possible, the parties propose a schedule that moves with deliberate speed but appropriately accounts for complexities of processing as a class, ensuing discovery issues, the high economic value of the class claims at issue, and the nature of the claims themselves.

**(k) Are there special issues regarding electronic case management needs?**

No.

**(l) Is there other information of which the court should be aware at this time?**

The Parties stipulate that the early meeting of counsel was held by teleconference on May 27, 2026, and attended by Stephen J. McBrady, Charles Baek, Sharmistha Das, and Eric Herendeen of Crowell & Moring LLP for Plaintiffs, and by Sean K. Griffin, Trial Attorney, U.S. Department of Justice, for Defendant.

**Plaintiffs' Proposed Schedule**

Plaintiffs propose the following schedule:

| Event | Proposed Completion Date |
| --- | --- |
| Opening of Fact Discovery | On the date the Court enters its Scheduling Order |
| Initial Disclosures | June 10, 2026 |
| End of Class Opt-In Period | December 7, 2026 |
| Plaintiffs Identify Class | December 14, 2026 |
| Joint Status Report Concerning Class Proceedings. | December 21, 2026 |
| Last Date to Serve Non-Expert Written Discovery Requests | January 15, 2027 |
| Motion to Exclude Class Members (as necessary) | January 25, 2027 |
| Parties Serve Expert Report(s) | February 5, 2027 |
| Written Fact Discovery Closes (all fact depositions noticed and written discovery completed) | March 12, 2027 |
| Rebuttal Expert Report(s) Due | March 19, 2027 |
| Close of Non-Written Fact and Expert Discovery | April 30, 2027 |
| Joint Status Report Concerning Further Proceedings. | May 7, 2027 |

**Defendant's Proposed Schedule**

Defendant proposes the following schedule:

| Event | Proposed Completion Date (Bifurcation) |
|---|---|
| Opening of Fact Discovery | On the date the Court enters its Scheduling Order |
| Initial Disclosures | June 10, 2026 |
| End of Class Opt-In Period | December 7, 2026 |
| Plaintiffs Identify Class | December 14, 2026 |
| Joint Status Report Concerning Further Proceedings | December 21, 2026 |
| Motion to Exclude Class Members (as necessary) | January 25, 2027 |
| Close of Fact Discovery Concerning Liability | March 31, 2027 |
| Plaintiffs Serve Their Expert Report(s) RCFC 26(a)(2)(D)-(E) | May 17, 2027 |
| Defendant Serves its Expert Report(s) RCFC 26(a)(2)(D)-(E) | July 1, 2027 |
| Close of Expert Discovery Concerning Liability | August 30, 2027 |
| Joint Status Report Concerning Further Proceedings | September 10, 2027 |

Because the parties anticipate the possibility of moving for summary judgment under RCFC 56, the parties have proposed to confer and file joint status reports with the Court at certain milestones in the discovery process, to include a schedule for future proceedings following the close of discovery.

The parties note that this Court's Standing Order on Chamber Rules (ECF No. 5) requests an affirmation of the "amount claimed" on the Complaint Cover Sheet, which Plaintiffs indicated was "unknown" due to the class action nature of this proceeding. At this time, the amount remains unknown pending the conclusion of the class action opt-in process. Plaintiffs have offered to work with the Government to provide iterative information regarding the damages calculations included in opted-in class members throughout the opt-in period.

The parties have also proposed conferring on discovery protocol to address, among other issues, ESI protocol.

Dated: June 12, 2026

Respectfully submitted,


/s/ Stephen J. McBrady

Stephen J. McBrady                          Brett A. Shumate
                                            Assistant Attorney General
**Of Counsel:**
Charles Baek                                Patricia M. McCarthy
Sharmistha Das                              Director
Kenneth Dintzer
Eric Herendeen                              Martin F. Hockey, Jr.
                                            Deputy Director
*Crowell & Moring LLP*
600 Fifth St. N.W.                          /s/ Sean K. Griffin
Washington, DC 20001
(202) 624-2500                              Sean K. Griffin
SMcBrady@Crowell.com                        Trial Attorney

                                            Commercial Litigation Branch
Joshua Sohn                                 Civil Division
*Crowell & Moring LLP*                      U.S. Department of Justice
Two Manhattan West                          P.O. Box 480, Ben Franklin Station
375 Ninth Avenue                            Washington, DC 20044
New York, NY 10001                          Telephone: (202) 353-9369
                                            Facsimile: (202) 305-2062
                                            Sean.K.Griffin2@usdoj.gov

**Attorney for Plaintiffs**
                                            **Attorneys for Defendant**